ORIGINAL



1   **WEILAND, GOLDEN,**
    **SMILEY, WANG EKVALL & STROK, LLP**
2   Jeffrey I. Golden, State Bar No. 133040
    Lei Lei Wang Ekvall, State Bar No. 163047
3   Autumn D. Spaeth, State Bar No. 208707
    650 Town Center Drive, Suite 950
4   Costa Mesa, California 92626
    Telephone: (714) 966-1000
5   Facsimile:  (714) 966-1002

6   Proposed Counsel for Nancy Hoffmeier Zamora,
    Chapter 7 Trustee of the Estate of Debra Parks
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SAN FERNANDO VALLEY DIVISION**

11   In re                              )    Case No.: 1:07-14758-GM
                                        )
12   TERESA JEAN MOORE,                 )    Chapter 13 Case
                                        )
13                                      )
                                        )
14                                      )    **MOTION FOR ORDER SHORTENING**
                                        )    **TIME FOR NOTICE OF HEARING ON**
15                                      )    **MOTION FOR RELIEF FROM THE**
                                        )    **AUTOMATIC STAY; MEMORANDUM OF**
16                                      )    **POINTS AND AUTHORITIES;**
                                        )    **DECLARATION OF LEI LEI WANG**
17                                      )    **EKVALL IN SUPPORT**
                                        )
18                                      )    **[No Hearing Required]**
                                        )
19                                      )
                        Debtor.         )
20                                      )
                                        )
21   _____)

22   **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE:**

23          Nancy Hoffmeier Zamora, the chapter 7 trustee of the estate of Debra Denise

24   Parks, respectfully submits this Motion for Order Shortening Time for Notice of Hearing

25   on Motion for Relief From the Automatic Stay ("the OST Motion"). The Motion for Relief

26   from the Automatic Stay ("the RFS Motion") is filed concurrently herewith. In support of

27   the OST Motion, the Trustee submits the following memorandum of points and

28   authorities and declaration of Lei Lei Wang Ekvall.

1  I.    **MEMORANDUM OF POINTS AND AUTHORITIES**

2        Local Bankruptcy Rule 9075-1(b) provides that "for good cause shown, a party

3  may request a non-emergency motion to be heard on notice shorter than would

4  otherwise be required by these Local Bankruptcy Rules. Such request shall be made by

5  written motion for order shortening time for hearing." In this case, good cause exists to

6  shorten the time for hearing on the RFS Motion.

7        Nancy Hoffmeier Zamora is the chapter 7 trustee of the estate of Debra Parks

8  ("the Parks Trustee"). The case is pending in the United States Bankruptcy Court, San

9  Fernando Valley Division, as Case No. 1:07-14784-GM. The Debtor is on title or in

10  control or possession of properties located at (a) 16155 Otsego Street, Encino,

11  California, (b) 4251 Laurel Canyon Boulevard, Studio City, California, and (c) 3239

12  Longridge Terrace, Sherman Oaks, California (collectively, "the Properties"). The

13  Properties are the subject of the RFS Motion and are owned in whole or in part by Debra

14  Parks.

15        The Studio City property is the subject of a separate relief from stay action. The

16  movant has been granted relief from stay to foreclose on the property but has been

17  prohibited from doing so until May 2, 2008. In order to maximize the return to the estate,

18  the Parks Trustee wants to sell the Properties before that deadline. The trustee in this

19  case has consented to the sale.

20        The Parks Trustee seeks relief from stay to bring an action against the Debtor to

21  recover the Properties and needs to bring the adversary proceeding against the Debtor

22  as quickly as possible to put in motion the steps necessary to recover the Properties and

23  sell them prior to the May 2, 2008, deadline.

24  II.    **SUMMARY OF RFS MOTION**

25        The Debtor is a repeat filer. In August of 2004, the Debtor filed a chapter 13 case

26  which is identified as Case No. 1:04-15349-GM. The case was converted to chapter 7 in

27  January of 2007, and is still pending. In July of 2007, the Debtor filed another chapter 13

28

1   case which was dismissed on September 5, 2007. That case was identified as Case

2   No. 1:07-12387-GM. The Debtor then filed this case on December 4, 2007.

3       Ms. Parks is also a repeat filer. According to Ms. Parks' bankruptcy petition. Ms.

4   Parks filed two cases in the Northern District of California. The first was filed July 13,

5   2007, and is identified as Case No. 07-25396. The second was filed on September 25,

6   2007, and is identified as Case No. 07-27818. Additionally, on September 25, 2007, the

7   Debtor in this case, among others, filed an involuntary case against Ms. Parks, which

8   was not granted. That case was identified as Case No. 01:07-13532-GM. The case

9   which is currently pending was filed on December 5, 2007, and is identified as Case

10  No. 1:07-14784-GM.

11      Between the Debtor and Ms. Parks, there have been six bankruptcy cases filed

12  within the preceding one-year period.

13      The Debtor is on title or in control or possession of all of the Properties and came

14  by her fractional interests in the Properties by way of deeds for no consideration. On or

15  about April 25, 2005, Ms. Parks transferred the Sherman Oaks Property to Debra Parks

16  and Teresa J. Moore, as tenants in common. The grant deed reflecting the transfer was

17  recorded with the Los Angeles County Recorder on April 29, 2005, as Document

18  No. 05-1013212. The deed indicates the transfer was exempt from the documentary

19  transfer tax.

20      Parks transferred the Studio City Property to Debra Parks and Jennifer L. Moore,

21  as tenants in common. The deed reflecting the transfer was recorded with the Los

22  Angeles County Recorder on April 6, 2006, as Document No. 06-753764. On July 10,

23  2007, a grant deed was recorded in the Official Records transferring the Studio City

24  Property from Jennifer Lauren Moore to Jennifer Lauren Moore and Teresa J. Moore, as

25  tenants in common. The deed reflecting the transfer indicates the transfer is a bona fide

26  gift and is recorded as Document No. 07-1633953. On or about November 10, 2006.

27  Debra Parks quitclaimed her interest in the Studio City Property to Jennifer L. Moore.

28  The deed reflecting the transfer indicates the transfer was a bona fide gift and that no

1    transfer taxes were due.  The deed is recorded on September 24, 2007, as Document

2    No. 07-2199915 in the Official Records.

3         A copy of the RFS Motion is attached hereto as Exhibit "1."

4         The Parks Trustee believes that the Debtor is clearly engaged in a scheme to

5    delay, hinder, and defraud creditors and to abuse the bankruptcy system.  The Parks

6    Trustee intends to bring an action against the Debtor in the earlier-filed case, and the

7    RFS Motion is brought in an abundance of caution so as to avoid any potential violation

8    of the stay in this case.

9    **III.**    **CONCLUSION**

10        In light of the foregoing, the Parks Trustee believes that good cause justifies

11    shortening the notice of hearing on the RFS Motion.

12                                 Respectfully submitted,

13    DATED: January __, 2008       WEILAND, GOLDEN,
                                         SMILEY, WANG EKVALL & STROK, LLP

14

15                                 By: _____

16                                   LEI LEI WANG EKVALL
                                     Attorneys for Nancy Hoffmeier Zamora,

17                                      Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LEI LEI WANG EKVALL

I, Lei Lei Wang Ekvall, declare:

1.    I am a partner of the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP, proposed counsel for Nancy Hoffmeier Zamora, chapter 7 trustee of the Debra Parks ("the Parks Trustee"). I am licensed to practice before this Court and the courts of the State of California. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Motion for Order Shortening Time for Notice of Hearing on Motion for Relief from the Automatic Stay ("the Motion"). All terms as defined in the Motion are incorporated herein by this reference.

2.    The Parks Trustee is the chapter 7 trustee of the estate of Debra Parks. The case is pending in the United States Bankruptcy Court, San Fernando Valley Division, as Case No. 1:07-14784-GM. Teresa Moore ("the Debtor") is on title or in control or possession of the Properties. The Properties are the subject of the RFS Motion and are owned in whole or in part by Debra Parks. A true and correct copy of the RFS Motion is attached hereto as Exhibit "1."

3.    The Studio City property is the subject of a separate relief from stay action. The movant has been granted relief from stay to foreclose on the property but has been prohibited from doing so until May 2, 2008. In order to maximize the return to the estate, the Parks Trustee wants to sell the Properties before that deadline. The trustee in this case has consented to the sale.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of January, 2008, at Costa Mesa, California.

_____
LEI LEI WANG EKVALL

DECLARATION

@PFDESKTOP\ODMA\MHODMA\WGSQL F RV 239398 1

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Lei Lei Wang Ekvall, State Bar No. 163047<br>WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Telephone: (714) 966-1000<br>Facsimile: (714) 966-1002<br><br>___ Individual appearing without counsel<br>  x  Attorney for:  Nancy Hoffmeier Zamora, Chapter 7 Trustee of Estate of Debra Parks | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:  TERESA JEAN MOORE, | CHAPTER  13 Case |
|---|---|
| | CASE NO.  1:07-14758-GM |
| Debtor(s). | DATE:<br>TIME:   [TO BE SET]<br>CTRM:<br>FLOOR: |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT:  NANCY HOFFMEIER ZAMORA, Chapter 7 Trustee )
### of the Estate of Debra Denise Parks
### (Real Property)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any) ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**  ___ 255 East Temple Street, Los Angeles        ___ 411 West Fourth Street, Santa Ana
                      X  21041 Burbank Boulevard, Woodland Hills     ___ 1415 State Street, Santa Barbara
                      ___ 3420 Twelfth Street, Riverside

3.  a.  ___  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b.  X  This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
        ___ at the hearing ___ at least ___ court days before the hearing.
        (1)  ___ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
        (2)  ___ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
        (3)  X  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (Optional Court Form F 4001-1M.RES), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: January 9, 2008

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP
*Print Law Firm Name (if applicable)*

_____
*Signature of Individual Movant or Attorney for Movant*

Lei Lei Wang Ekvall
*Print Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**
BK35/RP

EXHIBIT  1  PAGE  6

**F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 13 Case<br>CASE NO.: |
|---|---|---|---|
| TERESA JEAN MOORE | | Debtor(s). | 1:07-14758-GM |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### (MOVANT: <u>NANCY HOFFMEIER ZAMORA, Chapter 7 Trustee</u> )
of the Estate of Debra Parks

1.  **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:*    See attached continuation page

    *Apartment/Suite No.:*

    *City, State, Zip Code:*

    Legal description or document recording number (including county of recording):

        X   See attached continuation page.

2.  **Case History:**

    a.   X  A voluntary  ___  An involuntary   petition under Chapter  ___  7   ___ 11   ___ 12   X  13
        was filed on *(specify date)*:

    b.      An Order of Conversion to Chapter   ___ 7   ___ 11   ___ 12   ___ 13
        was entered on *(specify date)*:

    c.      Plan was confirmed on *(specify date)*:

    d.   X  Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3.  **Grounds for Relief from Stay:**

    a.   X  Pursuant to 11 U.S.C. § 362(d)(1). cause exists to grant Movant the requested relief from stay as follows.

        (1)      Movant's interest in the Property is not adequately protected.

            (a)     Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b)     The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c)     No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

            (d)     Payments have not been made as required by an Adequate Protection Order previously granted in this case.

        (2)   X  The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

            (a)     Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

            (b)     Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c)     The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

            (d)   X  Other (See attached continuation page).

        (3)     *(Chapter 12 or 13 cases only)*

            (a)     Postconfirmation plan payments have not been made to the Standing Trustee.

            (b)     Postconfirmation payments required by the confirmed plan have not been made to Movant.

        (4)   X  For other cause for relief from stay, see attached continuation page.

    b.   X  Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

    c.      Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**

EXHIBIT  1  PAGE  7 

Motion for Relief from Stay (Real Property) - *Page 3 of* 15    **F 4001-1M.RP**

| | |
|---|---|
| In re                          (SHORT TITLE)<br><br>TERESA JEAN MOORE                                    Debtor(s). | CHAPTER: 13 Case<br>CASE NO.:<br>1:07-14758-GM |

d.   X   Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1)  .....   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2)   X   Multiple bankruptcy filings affecting the Property.

4.   X   Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5.   **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a.   X   Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b.   ......   Other Declaration(s) are also attached in support of this Motion.

    c.   Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____ .

    d.   Other evidence *(specify)*:

6.     **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1.   Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.   X   Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3.   X   Additional provisions requested:

    a.   X   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b.   X   That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c.   X   That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

    d.   X   For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated:   January 9 , 2008

    Respectfully submitted,
    NANCY HOFFMEIER ZAMORA, Chapter 7 Trustee
    of the Estate of Debra Denise Parks
    *Movant Name*
    WEILAND, GOLDEN,
    SMILEY, WANG EKVALL & STROK, LLP
    *Firm Name of Attorney for Movant (if applicable)*

    By: _____
        *Signature*

    Name: Lei Lei Wang Ekvall
    *Typed Name of Individual Movant or Attorney for Movant*

Motion for Relief from Stay (Real Property) - *Page 4 of* __15__          **F 4001-1M.RP**

| In re                          (SHORT TITLE)          | CHAPTER: 13 Case |
|---|---|
|                                                       | CASE NO.: |
| TERESA JEAN MOORE,                    Debtor(s). | 1:07-14758-GM |

## REAL PROPERTY DECLARATION

### (**MOVANT:** NANCY HOFFMEIER ZAMORA, Chapter 7 Trustee __ )
of the Estate of Debra Denise Parks

I, __Nancy Hoffmeier Zamora_____ , declare as follows:
         *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

    ___ I am the Movant and owner of the Property.

    ___ I manage the Property as the authorized agent for the Movant.

    ___ I am employed by Movant as *(state title and capacity)*:

    X___ Other *(specify)*: I am the chapter 7 trustee of the estate of Debra Parks, the owner of real properties located at 16155 Otsego Street, Encino, California, 3239 Longridge Terrace, Sherman Oaks, California, and 4251 Laurel Canyon Boulevard, Studio City, California.

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a.  The address of the Property that is the subject of this Motion is:
       *Street Address:*
       *Apartment/Suite No.:*
       *City, State, Zip Code:*

   b.  The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit _____ .

       X___ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ___ Debtor's(s') principal residence     b. ___ Other single family residence
   c. ___ Multi-unit residential               d. ___ Commercial
   e. ___ Industrial                           f. ___ Vacant land
   g. ___ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                          **F 4001-1M.RP**

EXHIBIT  1   PAGE  9

**F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 13 Case |
| | | CASE NO: |
| TERESA JEAN MOORE, | Debtor(s). | 1:07-14758-GM |

5. Nature of Debtor's(s') interest in the Property:
   a.    Sole owner
   b.    Co-owner(s) *(specify)*:
   c.    Lien holder *(specify)*:
   d.    Other *(specify)*:
   e.    Debtor(s) _____ did _____ did not   list the Property in the Schedules filed in this case.
   f.  X  Debtor(s) acquired the interest in the Property by __X__ grant deed __X__ quitclaim deed _____ trust deed

      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued Interest: | $ | $ | $ |
| c. | Late Charges | $ | $ | $ |
| d. | Costs (Attorney's Fees, Other Costs): | $ | $ | $ |
| e. | Advances (Property Taxes, Insurance): | $ | $ | $ |
| f. | TOTAL CLAIM as of _____: | $ | $ | $ |

   g.    Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a _____ deed of trust _____ judgment lien _X_ other *(specify)* Ownership interest
that encumbers the Property.
   a.  A true and correct copy of the document as recorded is attached as Exhibit _____.
   b.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit
   c.  A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant
is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:
   a.  Current interest rate:
   b.  Contractual maturity date:
   c.  Amount of current monthly payment: $
   d.  Number of PREPETITION payments that have come due and were not made: . Total amount: $
   e.  Number of POSTPETITION payments that have come due and were not made: . Total amount: $
   f.  Date of POSTPETITION default:
   g.  Last payment received on the following date:
   h.  Notice of default recorded on the following date:
   i.  Notice of sale recorded on the following date:
   j.  Foreclosure sale originally scheduled for the following date:
   k.  Foreclosure sale currently scheduled for the following date:
   l.  Foreclosure sale already held on the following date:
   m.  Trustee's deed on sale already recorded on the following date:
   n.  Future payments due by time of anticipated hearing date *(if applicable)*:
     An additional payment of $ _____ will come due on _____. and on the _____ day of each
     month thereafter. If the payment is not received by the _____ day of the month, a late charge of $ _____ will be
     charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the
dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

*Revised October 2005*

**F 4001-1M.RP**

EXHIBIT _1_ PAGE _10_

**F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 13 Case |
|---|---|---|---|
| TERESA JEAN MOORE. | | Debtor(s). | CASE NO.: 1:07-14758-GM |

10.  *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ _____ established by:

    a.    Appraiser's declaration with appraisal attached herewith as Exhibit _____.

    b.    A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c.    A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____

    d.    Other *(specify)*:

11.  The fair market value of the Property is declining based on/due to: _____
_____

12.  **Calculation of equity in Property**

    a.    Based upon _____ preliminary title report _____ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | | | |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $**

    b.    Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        _____ Preliminary title report

        _____ Relevant portions of Debtor's(s') Schedules as filed in this case

        _____ Other *(specify)*:

    c.    Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ _____ (§ 362(d)(2)(A)).

    d.    The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ _____ (§ 362(d)(1)).

    e.    Estimated costs of sale: $ _____ (Estimate based upon _____ % of estimated gross sales price)

13.  _____ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a.    341(a) Meeting currently scheduled for (or concluded on) the following date:
Confirmation hearing currently scheduled for (or concluded on) the following date:
Plan confirmed on the following date *(if applicable)*:

    b.    Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | |
|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |

    c.    Postpetition/preconfirmation advances or other charges due but unpaid:    $ _____
(See attachment for details of type and amount.)

                **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  $ _____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*

**F 4001-1M.RP**

EXHIBIT __1__   PAGE __11__

Motion for Relief from Stay (Real Property) - *Page 7 of*  __15__                **F 4001-1M.RP**

| In re: (SHORT TITLE) | CHAPTER: 13 Case |
|---|---|
| TERESA JEAN MOORE,                                    Debtor(s). | CASE NO.: 1:07-14758-GM |

d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*

| *(Number of)* _____ | payment(s) due at  $ _____ | each  = $ _____ |
|---|---|---|
| *(Number of)* _____ | payment(s) due at  $ _____ | each  = $ |
| *(Number of)* _____ | late charge(s) at  $ _____ | each  = $ |
| *(Number of)* _____ | late charge(s) at  $ _____ | each  = $ _____ |

e.  Postconfirmation advances or other charges due but unpaid:                                      $ _____
(See attachment for details of type and amount.)

TOTAL POSTCONFIRMATION DELINQUENCY:                              $ _____

f. ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____

g. ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13).*

14. ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐  The court determined that the Property qualifies as single asset real estate on _____ More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☒  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17. ☒  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a. ☒  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☒  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1.  Case Name:
    Case Number:                          Chapter:
    Date Filed:                 Date Dismissed:                  Date Discharged:
    Relief from stay re this property    ☐ was    ☐ was not granted.
2.  Case Name:
    Case Number:                          Chapter:
    Date Filed:                 Date Dismissed:                  Date Discharged:
    Relief from stay re this property    ☐ was    ☐ was not granted.
3. ☒  See attached continuation page for more information about other bankruptcy cases affecting the Property.

☒  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder and defraud creditors.

18. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

c. ☐  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on  __January    7__ , __2008__ , at  __Los Angeles, California__  *(city, state).*

| Nancy Hoffmeier Zamora | _signature_ |
|---|---|
| *Print Declarant's Name* | *Signature of Declarant* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*

**F 4001-1M.RP**

EXHIBIT __1__ PAGE __12__

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
MOVANT:   Nancy Hoffmeier Zamora, Chapter 7 Trustee
of the Estate of Debra Denise Parks

**CONTINUATION PAGE TO MOTION**
(paragraph 1)

1.    Property at Issue:

    a.    16155 Otsego Street
Encino, California 91436 ("the Encino Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

ALL OF LOT 1 AND THAT PORTION OF THE SOUTH 35 FEET OF LOT 10, OF TRACT
NO. 21148, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 562 PAGE(S) 38 TO 40 INCLUSIVE
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING
WESTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF
LOT 1 OF SAID TRACT 21148.

APN: 2260-019-001

    b.    4251 Laurel Canyon Boulevard
Studio City, California 91604 ("the Studio City Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

LOT 377, OF TRACT NO. 7578, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83, PAGE(S)
19 TO 21 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

APN: 2367-005-034

    c.    3239 Longridge Terrace
Sherman Oaks, California 91423 ("the Sherman Oaks Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

PARCEL 1:
LOT 13, TRACT 22078, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 623 PAGE(S) 43 TO 46
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXHIBIT  1  PAGE  13

PARCEL 2:
AN EASEMENT FOR INGRESS AND EGRESS, PUBLIC UTILITY AND DRAINAGE
PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE PORTION OF
LOT 14 OF TRACT 22078, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, BOOK 623 PAGES 43 TO 46 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF SAID LOT 14, DISTANT
ALONG SAID SOUTHEASTERLY LINE SOUTH 21°00' 54" WEST 95 FEET FROM THE
MOST EASTERLY CORNER OF SAID LOT 14; THENCE NORTH 32°40'30" WEST
58.24 FEET; THENCE NORTH 18°16'18" WEST 85 FEET TO THE MOST EASTERLY
CORNER OF LOT 15 OF SAID TRACT 22078; THENCE CONTINUING NORTH
18°16'18" WEST 29.98 FEET; THENCE NORTH 60°55'09" WEST 70 FEET TO THE
TRUE POINT OF BEGINNING; THENCE NORTH 69°06'10" WEST 60.14 FEET TO A
POINT IN THE NORTHERLY LINE OF SAID 14, SAID NORTHWESTERLY LINE BEING
A CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 125 FEET; A RADIAL
LINE OF SAID CURVE TO SAID POINT BEARS SOUTH 37°03'47" EAST; THENCE
NORTHEASTERLY ALONG SAID CURVE, IN SAID NORTHWESTERLY LINE,
THROUGH A CONTROL ANGLE TO 16°02'33", AN ARC DISTANCE OF 35 FEET TO
THE MOST NORTHERLY CORNER OF SAID LOT; THENCE ALONG THE
NORTHEASTERLY LINE OF SAID LOT 14, SOUTH 60°55'09" EAST 50 FEET; THENCE
SOUTH 29°04'51" WEST 25 FEET TO THE TRUE POINT OF BEGINNING.

APN: 2385-011-011

The Encino Property, the Studio City Property, and the Sherman Oaks Property are hereinafter
sometimes collectively referred to as "the Properties."

EXHIBIT __1__ PAGE _14_

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
MOVANT:    Nancy Hoffmeier Zamora, Chapter 7 Trustee
of the Estate of Debra Denise Parks

**CONTINUATION PAGE TO MOTION**
(paragraphs 2, 3)

Grounds for Relief from Stay:

Pursuant to 11 U.S.C. § 362(c)(3)(C), there is a presumption that the Debtor filed this case in bad

faith because the Debtor filed a case in the last few months that has since been dismissed and one case

was still pending when the Debtor filed this case.

(c)    "Except as provided in subsections (d), (e), (f), and (h) of this section– . . .

(3)    if a single or joint case is filed by or against debtor who is an individual in
a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending
within the preceding 1-year period but was dismissed, other than a case refiled under a
chapter other than chapter 7 after dismissal under section 707(b)– . . .

(C)    for purposes of subparagraph (B), a case is presumptively filed
not in good faith (but such presumption may be rebutted by clear and convincing evidence
to the contrary)--

(i)    as to all creditors, if–

(I)    more than 1 previous case under any of
chapters 7, 11, and 13 in which the individual was a debtor was pending within the
preceding 1-year period; . . ."

The Debtor in this case, Teresa Jean Moore ("the Debtor"), is a repeat filer. In August of 2004,

the Debtor filed a chapter 13 case which is identified as Case No. 1:04-15349-GM. The case was

converted to chapter 7 in January of 2007, and is still pending. In July of 2007, the Debtor filed another

chapter 13 case which was dismissed on September 5, 2007. That case was identified as Case

No. 1:07-12387-GM. The Debtor then filed this case on December 4, 2007.

Movant is the chapter 7 trustee of the estate of Debra Parks ("the Parks Trustee"). The case is

pending in the United States Bankruptcy Court, San Fernando Valley Division, as Case No. 1:07-14784-

GM. The Properties are owned in whole or in part by Debra Parks. Ms. Parks is also a repeat filer.

According to Ms. Parks' bankruptcy petition, Ms. Parks filed two cases in the Northern District of

California. The first was filed July 13, 2007, and is identified as Case No. 07-25396. The second was

filed on September 25, 2007, and is identified as Case No. 07-27818. Additionally, on September 25,

2007, the Debtor in this case, among others, filed an involuntary case against Ms. Parks, which was not

EXHIBIT 1 PAGE 15

granted. That case was identified as Case No. 01:07-13532-GM. The case which is currently pending was filed on December 5, 2007, and is identified as Case No. 1:07-14784-GM.

Between the Debtor and Ms. Parks, there have been six bankruptcy cases filed within the preceding one-year period.

The Debtor is on title or in control or possession of all of the Properties. The Debtor came by her fractional interests in the Properties by way of deeds for no consideration. On or about April 25, 2005, Ms. Parks transferred the Sherman Oaks Property to Debra Parks and Teresa J. Moore, as tenants in common. The grant deed reflecting the transfer was recorded with the Los Angeles County Recorder on April 29, 2005, as Document No. 05-1013212. The deed indicates the transfer was exempt from the documentary transfer tax.

Parks transferred the Studio City Property to Debra Parks and Jennifer L. Moore, as tenants in common. The deed reflecting the transfer was recorded with the Los Angeles County Recorder on April 6, 2006, as Document No. 06-753764. On July 10, 2007, a grant deed was recorded in the Official Records transferring the Studio City Property from Jennifer Lauren Moore to Jennifer Lauren Moore and Teresa J. Moore, as tenants in common. The deed reflecting the transfer indicates the transfer is a bona fide gift and is recorded as Document No. 07-1633953. On or about November 10, 2006, Debra Parks quitclaimed her interest in the Studio City Property to Jennifer L. Moore. The deed reflecting the transfer indicates the transfer was a bona fide gift and that no transfer taxes were due. The deed is recorded on September 24, 2007, as Document No. 07-2199915 in the Official Records.

Based on the foregoing, the Debtor is clearly engaged in a scheme to delay, hinder, and defraud creditors and to abuse the bankruptcy system. In an abundance of caution, the Parks Trustee seeks relief from the automatic stay in this bankruptcy case to pursue a complaint to recover the Properties in the previously-filed and currently pending bankruptcy case to avoid any potential violation of the stay in this case.

EXHIBIT 1 PAGE 16

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
MOVANT:    Nancy Hoffmeier Zamora, Chapter 7 Trustee
of the Estate of Debra Denise Parks

### CONTINUATION PAGE TO DECLARATION OF NANCY HOFFMEIER ZAMORA
(paragraph 3)

The addresses and legal description of the properties that are the subject of this Motion are:

    a.    16155 Otsego Street
        Encino, California 91436 ("the Encino Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

ALL OF LOT 1 AND THAT PORTION OF THE SOUTH 35 FEET OF LOT 10, OF TRACT
NO. 21148, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 562 PAGE(S) 38 TO 40 INCLUSIVE
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING
WESTERLY OF THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF
LOT 1 OF SAID TRACT 21148.

APN: 2260-019-001

    b.    4251 Laurel Canyon Boulevard
        Studio City, California 91604 ("the Studio City Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

LOT 377, OF TRACT NO. 7578, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83, PAGE(S)
19 TO 21 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

APN: 2367-005-034

    c.    3239 Longridge Terrace
        Sherman Oaks, California 91423 ("the Sherman Oaks Property")

Legal Description

Real property in the City of Los Angeles, County of Los Angeles, State of California,
described as follows:

PARCEL 1:
LOT 13, TRACT 22078, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 623 PAGE(S) 43 TO 46
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXHIBIT 1 PAGE 17

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS, PUBLIC UTILITY AND DRAINAGE
PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE PORTION OF
LOT 14 OF TRACT 22078, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, BOOK 623 PAGES 43 TO 46 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF SAID LOT 14, DISTANT
ALONG SAID SOUTHEASTERLY LINE SOUTH 21°00' 54" WEST 95 FEET FROM THE
MOST EASTERLY CORNER OF SAID LOT 14; THENCE NORTH 32°40'30" WEST
58.24 FEET; THENCE NORTH 18°16'18" WEST 85 FEET TO THE MOST EASTERLY
CORNER OF LOT 15 OF SAID TRACT 22078; THENCE CONTINUING NORTH
18°16'18" WEST 29.98 FEET; THENCE NORTH 60°55'09" WEST 70 FEET TO THE
TRUE POINT OF BEGINNING; THENCE NORTH 69°06'10" WEST 60.14 FEET TO A
POINT IN THE NORTHERLY LINE OF SAID 14, SAID NORTHWESTERLY LINE BEING
A CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 125 FEET, A RADIAL
LINE OF SAID CURVE TO SAID POINT BEARS SOUTH 37°03'47" EAST; THENCE
NORTHEASTERLY ALONG SAID CURVE, IN SAID NORTHWESTERLY LINE,
THROUGH A CONTROL ANGLE TO 16°02'33", AN ARC DISTANCE OF 35 FEET TO
THE MOST NORTHERLY CORNER OF SAID LOT; THENCE ALONG THE
NORTHEASTERLY LINE OF SAID LOT 14, SOUTH 60°55'09" EAST 50 FEET, THENCE
SOUTH 29°04'51" WEST 25 FEET TO THE TRUE POINT OF BEGINNING.

APN: 2385-011-011

The Encino Property, the Studio City Property, and the Sherman Oaks Property are hereinafter
sometimes collectively referred to as "the Properties."

EXHIBIT __1__ PAGE 18

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
MOVANT:    Nancy Hoffmeier Zamora, Chapter 7 Trustee
of the Estate of Debra Denise Parks

**CONTINUATION PAGE TO DECLARATION OF NANCY HOFFMEIER ZAMORA**
(paragraphs 5, 16, 17)

1.    I am the chapter 7 trustee of the estate of Debra Parks, a case pending in the United States Bankruptcy Court, San Fernando Valley Division, as Case No. 1:07-14784-GM.

2.    The Properties which are the subject of the motion are owned in whole or in part by Debra Parks.

3.    According to the Court's records obtained from PACER, in August of 2004, the Debtor filed a chapter 13 case which is identified as Case No. 1:04-15349-GM. The case was converted to chapter 7 in January of 2007, and is still pending. In July of 2007, the Debtor filed another chapter 13 case which was dismissed on September 5, 2007. That case was identified as Case No. 1:07-12387-GM. The Debtor then filed this case on December 4, 2007.

4.    According to Ms. Parks' bankruptcy petition, Ms. Parks filed two cases in the Northern District of California. The first was filed July 13, 2007, and is identified as Case No. 07-25396. The second was filed on September 25, 2007, and is identified as Case No. 07-27818. Additionally, on September 25, 2007, the Debtor in this case, among others, filed an involuntary case against Ms. Parks which was not granted. That case was identified as Case No. 01:07-13532-GM. The case which is currently pending was filed on December 5, 2007, and is identified as Case No. 1:07-14784-GM.

5.    It is my understanding that the Debtor is on title or in control or possession of all of the Properties and that the Debtor came by her fractional interests in the Properties by way of deeds for no consideration, which I intend to seek to avoid by filing a complaint in Case No. 1:04-15349-GM.

6.    The property title reports and deeds on the Properties reflect the following:

a.    On or about April 25, 2005, Ms. Parks transferred the Sherman Oaks Property to Debra Parks and Teresa J. Moore, as tenants in common. The grant deed reflecting the transfer was recorded with the Los Angeles County Recorder on April 29, 2005, as Document No. 05-1013212. The deed indicates the transfer was exempt from the documentary transfer tax.

b.    Parks transferred the Studio City Property to Debra Parks and Jennifer L. Moore, as tenants in common. The deed reflecting the transfer was recorded with the Los Angeles

EXHIBIT 1  PAGE 19

In re Teresa Jean Moore
Case No. 1:07-14758-GM
Chapter 13 Case

County Recorder on April 6, 2006, as Document No. 06-753764. On July 10, 2007, a grant deed

was recorded in the Official Records transferring the Studio City Property from Jennifer Lauren

Moore to Jennifer Lauren Moore and Teresa J. Moore, as tenants in common. The deed

reflecting the transfer indicates the transfer is a bona fide gift and is recorded as Document

No. 07-1633953.

     c.     On or about November 10, 2006, Debra Parks quitclaimed her interest in the

Studio City Property to Jennifer L. Moore. The deed reflecting the transfer indicates the transfer

was a bona fide gift and that no transfer taxes were due. The deed is recorded on September 24,

2007, as Document No. 07-2199915 in the Official Records.

EXHIBIT 1 PAGE 20

**PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 650 Town Center Drive, Suite 950, Costa Mesa, California 92626.

     On January 9, 2008, I served the foregoing document described as: **MOTION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEI LEI WANG EKVALL IN SUPPORT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[✓]    BY MAIL (TO THE PARTIES AS INDICATED ON SERVICE LIST)

    [✓]    I deposited such envelope with the firm for collection and processing. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[✓]    BY OVERNIGHT DELIVERY (*ON AS TO THE PARTIES AS INDICATED ON ATTACHED SERVICE LIST)

    [ ]    I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.

    [✓]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

Executed on January 9, 2008, at Costa Mesa, California.

[✓]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.

Terri Jones _____        _____
Type or print name                        Signature

239430

## SERVICE LIST:

**United States Trustee**
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367          (VIA OVERNIGHT DELIVERY)

Teresa Jean Moore
4251 Laurel Canyon Boulevard
Studio City, CA 91604
**Debtor**                        (VIA OVERNIGHT DELIVERY)

Elizabeth Rojas
15301 Ventura Boulevard
Building B, Suite 400
Sherman Oaks, CA 91403
**Trustee**                       (VIA OVERNIGHT DELIVERY)


VIA U.S. MAIL                     VIA U.S. MAIL

Countrywide Home Loans            Ruth DeSosa
450 American Street               Bennett & Erdman
Simi Valley, CA 93065             5670 Wilshire Boulevard, Suite 1400
**Secured Creditor**              Los Angeles, CA 90036

First Franklin                    Saxon Mortgage Services
Home Loan Services                4708 Mercantile Drive
1250 Allegheny Center             Fort Worth, TX 76137-3605
Pittsburgh, PA 15212              **Secured Creditor**
**Secured Creditor**
                                  Wilshire Financial Services
IndyMac Bank                      P.O. Box 8517
6900 Beatrice Drive               Portland, OR 97207-8517
Kalamazoo, MI 49009-9559          **Secured Creditor**
**Secured Creditor**
                                  Debra Denise Parks
Margaret Parks                    6169 Fern Lane
61 Kai One Place                  Paradise, CA 95969
Kailua, HI 96734
**Secured Creditor**              Stuart M. Price, Esq.
                                  15760 Ventura Boulevard, Suite 1100
Norm Pomeranz                     Encino, CA 91436
P.O. Box 67603                    **Attorney for Debra Parks**
Los Angeles, CA 90067
**Secured Creditor**              Nancy J. Zamora
                                  444 S. Flower Street, Suite 1550
Ofelia Mancera                    Los Angeles, CA 90071
2133 Prestwick Drive              **Parks Chapter 7 Trustee**
Discovery Bay, CA 94514
**Secured Creditor**

239430