Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146
Fax: (818) 301-2577

*For the Debtor.*

FILED

MAR - 4 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

| | |
|---|---|
| In re<br><br>TERESA JEAN MOORE<br>                                    Debtor. | Case No: 07-14758-GM (Chapter 13)<br><br>**OPPOSITION TO MOTION TO DISMISS;<br>REQUEST FOR CONTINUANCE;<br>DECLARATION OF TERESA J. MOORE;<br>PROOF OF SERVICE**<br><br>Date:  March 4, 2008<br>Time:  2:30 p.m.<br>Place: Court-Room: 303<br>          21041 Burbank Boulevard<br>          Woodland Hills, California |

PLEASE TAKE NOTICE: On the March 4, 2008 at the 2:30 p.m. , in the Room 303 of the U.S. Bankruptcy Court, California Central District, 21041 Burbank Boulevard, Woodland Hills, California, the DEBTOR: Teresa J. Moore will **request a continuance on the US Trustee's Motion to Dismiss Case** so the Debtor may prepare a complete Opposition to the Motion to Dismiss, Prepare Points and Authorities, prepare and file an amended plan schedules and other documents requested of the Chapter 13 Trustee Elizabeth Rojas.

This request for a continuance and opposition to the US Trustee's motion to dismiss is based upon the supporting Declaration and other evidence and argument as presented at the time of the hearing.

## REQUEST FOR CONTINUANCE AND OPPOSITION TO MOTION TO DISMISS

1. The DEBTOR: Teresa J. Moore (Moore) Requests a Continuance on the US TRUSTEE's Motion to Dismiss Case because she did not receive actual notice of the motion until two days before the hearing and needs the time to adequately oppose the motion.

2. The US Trustee's facts and information that her motion is based upon, is incorrect and inaccurate. The basis for the dismissal was made on a set of incorrect facts that lead the US Trustee's office to a false conclusion that Moore filed the Chapter 13 case to "hinder the Trustee's [Chapter 7 Trustee Gottlieb] administration of the August 2004 Bankruptcy estate." The US TRUSTEE's conclusion are:

1. That the Chapter 13 assets are assets of the Chapter 7 estate;

2. "that there is no evidence that Moore filed for Chapter 13 relief to save her residence (the Laurel Canyon Property)";

3. "Moore failed to appear at her scheduled 341 meeting also shows that she has not filed in good faith";

4. "These surplus proceeds [Vantage Property] are listed as assets in her August 2004 Bankruptcy, and thus are not assets to which Moore has any right...without these proceeds, she will not have sufficient funds to support her plan."

1     Because of the complex issue's involved, Moore request a 30 day continuance to properly prepare an Opposition to the US TRUSTEE's Motion to Dismiss the Case and to address the issues of Elizabeth Rojas, Chapter 13 Trustee that were just presented 2 days ago at the 341 meeting of creditors.

    Moore supports this request for a continuance and her Opposition to the US TRUSTEE's Motion to Dismiss Case, with the Declaration of the Support by the Debtor, and with the presentation of the argument by the hearing.

DATE: August 24, 2007                               Respectfully Presented,

*Teresa J. Moore* (signature)
Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (818) 206-1146 • Fax: (818) 301-2577
teresa_j_moore@yahoo.com

UNITED STATES BANKRUPTCY COURT
**CALIFORNIA CENTRAL DISTRICT**

In re

TERESA JEAN MOORE

Debtor.

Case No: 07-14758-GM (Chapter 13)

**DECLARATION OF THE SUPPORT BY THE DEBTOR**

## DECLARATION OF THE SUPPORT BY THE DEBTOR

I, Teresa J. Moore, declare:

**3.** My name is Teresa J. Moore and I am the debtor in the Bankruptcy Case No: 04-15349-GM and in the Bankruptcy Case No: 07-12387-GM. I have firsthand knowledge of the facts in this declaration and I will competently testify about these facts. I make this declaration in the support of my request for a continuance on the US Trustee's motion to dismiss case and my opposition to the motion.

**4.** My home address is 4251 Laurel Canyon Boulevard, Studio City, California 91604. My business address is 13636 Ventura Boulevard, #246, Sherman Oaks, California 91423. Because of my travel schedule and my business obligations, I require the delivery of all documents to my email-address: teresa_j_moore@yahoo.com or to my facsimile-address: 818-301-2577 for the timely notice of any proceeding.

**5.** On December 4, 2007, I filed a Chapter 13 Bankruptcy reorganization in good faith, after learning that Debra Parks, the loan holder for Laurel Canyon Property, Longridge Property, and Otsego Property, was planning to allow the loans to go to foreclosure and my ownership interest would be lost.

**6.** On December 6, 2007, I began a two day deposition with the Chapter 7 Trustee David Gottlieb's attorney as part of a 2004 Exam from my Chapter 7 case.

**7.** On December 14, 2007, I began having severe back pain and bowel blockage issues that left me completely incapacitated for over 10 days. Through a series of medical exams I was diagnosed with large size fibroid tumors. I have undergone numerous "alternative procedures" to delay the need of a full hysterectomy for the past two months.

8. On December 24, 2007 I left the Los Angeles area for family matters, business obligations, and to pursue immediate relief of the medical issues I was dealing with. I was scheduled to return to Los Angeles on January 14, 2008 so I could prepare for the 341 hearing scheduled for January 16, 2008.

9. On January 10, 2008, I became very ill with flu symptoms and lower back pains. I applied to participate in a Fibroid Tumor Clinical Study and was told to arrange a series of MRI tests. I attempted to get scheduled for an MRI in the Northern California area and could not return to Los Angeles as planned due to my health issues.

10. On January 14, 2008, I telephoned Elizabeth Rojas, Chapter 13 Trustees office and informed them that I could not attend the 341 hearing and requested a continuance. I was told that I could not reschedule unless I brought a motion with the court. I was told if it were health related, I could fax a letter requesting a continuance.

11. On January 15, 2008, I faxed a letter to the Chapter 13 Trustee's office informing them that I could not attend the scheduled 341 hearing and requested a continuance. (See exhibit 1)

12. On January 16, 2008, I received a telephone call from the Chapter 13 Trustees office stating that my case was dismissed and informed that the staff that who told me that I could get a continuance due to health issues was incorrect.

13. On January 22, 2008, I filed and mailed a notice of non-availability and a request to fax or email any documents to me, as I would be out of the state until February 21, 2008. The US Trustee's office and the Chapter 13 Trustee were sent a copy of the notice. (See Exhibit 2)

14. On January 23, 2008, I left the state of California to deal with my business obligations in Hawaii.

15. On February 5, 2008, during a telephonic appearance in my Chapter 7 case, Judge Mund informed me that my case was not dismissed and the confirmation hearing was rescheduled to March 4, 2008 and that I should contact the chapter 13 Trustee's office and re-schedule the 341 hearing.

16. On or about February 12, 2008, I telephoned Elizabeth Rojas's office and spoke with Renee Sawyer, who re-scheduled my 341 hearing for 27 February 2008.

17. On February 25, 2008, I returned to California at 11pm.

**18.** On February 26, 2008, I picked up my mail from the post-office and for the first time received actual notice of the US Trustee's Motion to Dismiss my case. I did not have the time to read the details of the motion because of the scheduled 341 hearing the next day.

**19.** On February 27, 2008, I spent 4 hours preparing documents for the Chapter 13 Trustee and then spent another 2 ½ hours attending the 341 hearing. During that hearing the US Trustee's attorney Katherine Bunker asked me several questions about why I filed the Chapter 13 case. The Chapter 13 Trustee, Elizabeth Rojas presented me with a list 9 items that prevented her from recommending confirmation of my plan. Much of the items on the list were presented at the beginning of the 341 hearing and the balance of items will take about 30 days to produce. (See Exhibit 3)

**20.** On March 3, 2008, was the first time I had to review the details of the US Trustee's motion to Dismiss Case. After reviewing the details of the motion, I determined that the US Trustee's facts and information that she bases her motion on are incorrect. The basis for the dismissal was a conclusion made on a set of incorrect facts that leads the US Trustee's office to believe I filed the Chapter 13 case to "hinder the Trustee's [Chapter 7 Trustee Gottlieb] administration of the August 2004 Bankruptcy estate." That conclusion was based upon the incorrect fact that the Chapter 13 assets are assets of the Chapter 7 estate; "that there is no evidence that Moore filed for Chapter 13 relief to save her residence (the Laurel Canyon Property)"; "Moore failed to appear at her scheduled 341 meeting also shows that she has not filed in good faith"; "These surplus proceeds [Vantage Property] are listed as assets in her August 2004 Bankruptcy, and thus are not assets to which Moore has any right...without these proceeds, she will not have sufficient funds to support her plan."

**21.** In August 2004, when I filed the Chapter 13 Bankruptcy, the Vantage Property was owned by Moore & Moore, BT (M&M). In December 2005, after a recommendation from Judge Mund to transfer the Vantage Property issues to her court, M&M assigned their interest to me. The Vantage Property was foreclosed upon in early 2006. The Vantage Surplus funds did not exist until after the foreclosure. My voluntary Chapter 13 case was involuntarily converted to a Chapter 7 in January 2007. The assets that were acquired [Vantage assignment] after the filing of the Chapter 13 but prior to the involuntary conversion to a Chapter 7 are not assets of the Chapter 7 estate.

22. The Longridge Property titled interest was acquired in April 2005. This interest was acquired after the filing of my Chapter 13 plan but prior to the involuntary conversion in January 2007, therefore it is not an asset of the Chapter 7 Estate.

23. The Otsego Property was owned 50% by Debra Parks and 50% by Financial Network Exchange by written contract dated December 2003. In May 2006, Debra Parks and FNE assigned all rights and claims to me. This Assignment was made after the filing date of the Chapter 13 and prior to the involuntary conversion to Chapter 7. Therefore the Otsego Property is not an asset of the Chapter 7 Estate.

24. The Laurel Canyon Property was quit claimed to my daughter Jennifer Moore in November 10, 2006. In July 2007, Jennifer added me to title with 25% interest. This interest was acquired after the Chapter 7 involuntary conversion and is not an asset of the Chapter 7 estate.

25. The Robinson Property was purchased by contract from Claire Melde by FNE in December 2004. In August 2006 claims by Barbara Smallwood were assigned to me. At the end of 2006, FNE assigned their interest in the property to me. This assignment was made after the filing of my Chapter 13 and prior to the involuntary conversion to a Chapter 7. The Robinson Property was foreclosed upon in March 2006. Therefore the Robinson Property claims are not an asset of the Chapter 7 Estate.

26. The Schulte Property claims have not been pursued by the Chapter 7 Trustee and in the event he abandons the claims, they will belong to me. The Chapter 7 Trustee's attorney Andy Caine has stated in a declaration that the Trustee does not have any interest in pursuing the uncertainty and expense of litigation to realize any proceeds. I plan on bringing a motion to demand the abandonment of this claim so I may pursue the interest claims.

27. Because of my health issues and the fact that I was 300 miles away from the 341 hearing, I could not attend the January 16, 2008 meeting. I telephoned the Trustee's office, before hand to reschedule, I sent a fax, and was told my case was dismissed. In the end I did attend the 341 hearing and spent over 45 minutes with the US Trustee's Attorney and Debra Park's Chapter 7 Trustee's attorney answering all of their questions. I have gone out of my way in light of my health

issues, travel schedule and business obligations to make sure I am present at all hearings either in person or telephonically.

**28.** I have filed special notices of my travel schedule and an alternative means to forward documents and motions to me because I am not allowed as a pro se debtor the convenience of electronic filing or email service as the attorney's are. Every time I attempt to get documents forwarded to me in a timely manner, I am told by the attorney's involved that they are not required to comply with my request to receive documents by email or facsimile.

**29.** Since November 15, 2007, when Judge Mund allowed the third trust deed holder, Tom Block relief from stay to foreclose on the Laurel Canyon Property, the property that I maintain my business and residence when I am in California, I have paid over $17,500 to stay foreclosure sales. The filing of the Chapter 13 was done to save my interest in the Laurel Canyon Property, the Longridge Property, and the Otsego Property, when Debra Parks the borrower on the loans secured by the properties devised a scheme to a force the properties into foreclosure after she filed over $900,000 in fraudulent liens against the properties, making it impossible to complete the refinance efforts I have been working on for over 1 year.

**30.** The Chapter 13 Plan that I filed provided three different proposals to pay 100% to secured creditors. The first was use of the Surplus Proceeds from the Vantage Sale, the Second was a complete refinance of each property as my equitable interest is enough to cure all arrearages, and the Third was a monthly payment of arrearages from the rental income of the properties. My Chapter 13 plan was does not solely rely on the Vantage Surplus Proceeds as to justify feasibility.

**31.** Until the Chapter 7 Trustee David Gottlieb has successfully pierced the corporate veil of the M&M Trust and received a judgment of what assets are the Chapter 7 Estates if any, I own the claims and assets listed in my Chapter 13 schedules and have filed the re-organization plan to protect my interests.

**32.** I filed the Chapter 13 plan and schedules from forms that I downloaded from the Central District Website. My schedules were prepared from the support that I have received from Attorney Richard Garber when he prepared my Chapter 7 Schedules. Any errors made due to my inexperience will be corrected as quickly as possible. I plan to amend the plan to correct the issues the Chapter 13

1 | Trustee has identified, with the assistance of Attorney Richard Garber, and to address the claims and
2 | collections activities of the Debra Parks Chapter 7 Trustee.

3 | I declare under the penalty of the perjury by the laws of the State of California that the
4 | foregoing statements are true and correct.

DATE: March 4, 2008

Respectfully Presented,

*Teresa J. Moore (signature)*

Teresa J. Moore
4251 Laurel Canyon Blvd.
Studio City, CA 91604
Tel: (818) 206-1146 • Fax: (818) 301-2577
teresa_j_moore@yahoo.com

Teresa J. Moore
4251 Laurel Canyon Blvd.
Studio City, CA 91604
Tel: 818-206-1146
Fax: 818-301-2577

15 January 2008

Elizabeth Rojas, Chapter 13 Trustee
VIA FACSIMILE: 818-933-5755

Re: 341 Hearing Scheduled for 1/16/08 at 9am.

Dear Ms. Rojas:

I telephoned your office this morning to request a continuance of the 341 Hearing scheduled for tomorrow at 9am due to medical issues. The case number is : 14-758 GM.

I am currently over 300 miles away and am dealing with medical emergency issues and cannot make the scheduled appointment.

I am dealing with 5 fibroid tumors that are causing obstructions and severe pain. I have just received the Doctor's request for an MRI and am arranging that test immediately so I can qualify for an alternative medical solution other than emergency surgery for a hysterectomy.

I have attached a copy of the ultrasound performed in late December and the Doctor's MRI request.

I have filed my chapter 13 case in good faith, do not want to see my case dismissed because of the medical emergency and am not in the area to file a motion to continue the 341 hearing.

Please reschedule my 341 hearing and notify me by facsimile of the new date, so I can arrange to be in Los Angeles to attend the 341 hearing. In the meantime, I will forward my first Chapter 13 payment by mail to your office, and produce all other documents that are required by your office.

Sincerely,

*Teresa J. Moore* (signature)
Teresa J. Moore

Exhibit 1

FILED

JAN 22 2008

CLERK U S BANKRUPTCY
CENTRAL DISTRICT OF CAL.

1  Teresa J. Moore
   13636 Ventura Blvd, #246
2  Sherman Oaks, California 91423
   Tel: (818) 206-1146
3  Fax: (818) 301-2577

4  *As the Debtor.*

## UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

| In re | ) Case No: 04-15349-GM (Chapter 7) |
| --- | --- |
| | ) Case No: 07-14758-GM (Chapter 13) |
| TERESA JEAN MOORE | ) Related Case No: 07-14784-GM (Chapter 13) |
| Debtor. | ) **DEBTOR NON-AVAILABILITY NOTICE** |

PLEASE TAKE NOTICE: Teresa Jean Moore is the Debtor in this case and prosecutes all contested matters in her name. The Debtor requests the service of all filings by the delivery at her email-address: **teresa_j_moore@yahoo.com** or at her facsimile-address: **818-301-2577**. The Debtor Teresa J. Moore will be out of the state and unavailable for appearances from the 01/23/2008 through the 02/21/2008.

DATE: _____

Respectfully Presented,

_____
Teresa J. Moore
13636 Ventura Blvd, #246
Sherman Oaks, California 91423
Tel: (831) 634-9485 • Fax: (818) 301-2577

*Exhibit 2*

**UNITED STATES BANKRUPTCY COURT**
**CALIFORNIA CENTRAL DISTRICT**

| In Re<br><br>Teresa Jean Moore<br><br>Debtor | Case No: 04-15349-GM (Chapter 7)<br>Case No: 07-14758-GM (Chapter 13)<br>Related Case No: 07-14784-GM (Chapter 13)<br><br>**CERTIFICATE OF SERVCE** |
|---|---|

On <u>January 22, 2008</u>, I served the **DEBTOR NON-AVAILABILITY NOTICE** on the parties of the <u>Service Address List</u> by depositing a true copy of the document in a sealed envelope with the U.S. Postal Service at <u>Studio City, California</u>.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: _____     _____
                           Robert-Garvin: Moore

## SERVICE ADDRESS LIST

| David Kieth Gottlieb, Chapter 7 Trustee<br>c/o James K.T. Hunter, Esq.<br>10100 Santa Monica Blvd, 11th Floor<br>Los Angeles, California 90067 | Clerk of the Court<br>U.S. BANKRUPTCY COURT<br>1041 Burbank Boulevard<br>Woodland Hills, CA 91367-6609 |
|---|---|
| United States Trustee<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, California 91367 | Elizabeth Rojas, Chapter 13 Trustee<br>15301 Ventura Blvd., Suite 400<br>Sherman Oaks, California 91403 |
| Richard Garber<br>Chapter 13 Plan Attorney<br>5437 Vantage Avenue<br>North Hollywood, California 91607 | Nancy Zamora, Chapter 13 Trustee<br>444 South Flower Street, Suite 1550<br>Los Angeles, California 90071 |
| Debra Parks<br>c/o Stuart M. Price<br>15760 Ventura Blvd, Suite 1100<br>Encino, California 91436 | Lei Lei Wang Ekvall<br>Parks Estate Counsel<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626 |

Case Number: SV 07-14758 GM      Name: Moore, Teresa                                    Calendar# 87
Filing Date: 12/4/07   CTD 341(a) Date: 2/27/08 Confirmation Date: 2/5/07 Attorney: In Pro Per

341(a) DISPOSITION:   ☐dismissed-no appr/pmts ☐continued ☐341(a)   @       ☐cnf:2/5/07@ 1:30 pm

CNF DISPOSITION:   ☐dism ☐109g ☐ch 13 only ☐cnv to ch ___ ☐conf ☐ctd cnf: _____ 2008@__:__

Plan: $216.10 mo 1-3; $2,947 mo 4-7; $216.10 mo 8-48 + $274,000 proceeds from Vantage surplus for 60 mos @ 100.00%;TI: Tax returns; tax refunds if <100%; no debt >$500 Filed: 12/19/07

Attorney Fees: NO RARA $    allowed w/ $    up front & $    thru plan @   % other: in pro per

Payments: Plan: $   ( pp)         Mortgage: $   ( mp Countrywide); $   ( mp Downey);
$   ( mp EMC);$   ( mp Greenpoint); $   ( mp Indymac);  $   ( mp First Franklin); (Can't match Mortgages to properties)

**Objecting Creditor(s):**          DO NOT DISMISS PER OUST

**Proof of Service:** no pos of plan w/notice on all creditors

**Plan Issues:** unapproved form; no treatment of secured creditors; amend plan for consistent plan term (48 & 60 mo)

**Proof of Income:** 1999-2006 tax returns (complete); 2006 tax return - corporation/partnership; short form business report; 2007 year-to-date income expense; 1/1/06-2/28/08 complete bank statements (not bank printouts); management fee from M&M; distribution form Moore Wisdom.com

**Eligibility:** exceeds secured debt limit per debtor's schedules: $5,400,000

**Liquidation:** appraisals and complete property profile for all properties debtor claims interest in with evidence of debtor's legal interest in all properties and of all debts and any title transfers; disclose any property transfers of real property of business interests or trusts within the past 7 years

**Schedules:** Amend Schedule D for date debts incurred and all debts related to properties; Provide Sched D F to Trustee w/complete account#; Schedules on wrong form; missing SCMI (B22C); Amend Sch I for spouse income info

**Forms:** domestic support declaration; 4 year tax declaration; asset/liability schedule for business; provide copy of 1015-2 statement

**Means Test:** provide copy of SCMI

**Prior Bankruptcies:** missing 1015-2;stay in effect for 30 days only; not eligible for discharge

**Feasibility:**
| Creditor | Class | Claim | Plan |
|---|---|---|---|
|  | 2/S | $ | $ |

**PLAN PAYMENT CALCULATION:**

| due | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total | Paid | Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 216.10 | 216.00 |  |  |  |  |  |  |  |  |  |  | 432.00 |  |  |

Exhibit 3

**RESIDENCE MORTGAGE PAYMENT CALCULATION:** Real Property Address: 4251 Laurel Cnyn Studio City

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

**MORTGAGE PAYMENT CALCULATION:** Real Property Address: 28880 Robinson Cnyn, Carmel CA

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Downey |  |  | due | due |  |  |  |  |  |  |  |  |  |  |
| Greenpoint |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

**MORTGAGE PAYMENT CALCULATION:** Real Property Address: 27467 Schulte RD, Carmel, CA

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EMC |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

**MORTGAGE PAYMENT CALCULATION:** Real Property Address: 4153 Vantage Ave Studio City, CA

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

**MORTGAGE PAYMENT CALCULATION:** Real Property Address: 3239 Longride Terrace Sherman Oaks, CA

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Indymac |  |  | due | due |  |  |  |  |  |  |  |  |  |  |
| Debra parks |  |  | due | due |  |  |  |  |  |  |  |  |  |  |
| Marcello Celis |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

**MORTGAGE PAYMENT CALCULATION:** Real Property Address: 16155 Ostego St Encino, CA

| Lender | pmt | due/late | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1st Franklin |  |  | due | due |  |  |  |  |  |  |  |  |  |  |

Other: CADL: _____ exp:_____; SSN: 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

Prior Filings: #SV 07-12387 GM filed: 7/11/07 ch: 13disposition:dismissed filed by: debtor  other: 9/07/07
    #SV 04-15349 GM filed: 8/10/04 ch: 13disposition:converted-1/12/07 filed by: debtor  other: dschg 10/19/07

|  | Sched | Actual | Sched Debts |  |
|---|---|---|---|---|
| Inc | $1,456 | $ | secured: $200000 |  |
| Exp | $1,290 | $___ | priority: $0 |  |
| Surp | $166 | $ | unsecured: $12,027 |  |

Case Filed: 12/4/07; **CBD: 4/15/08**; POS:
Liquidation: (100.00% ch 7 v 100.00% plan);
SCMI: ; plan payment per SCMI:
Prior Case: see above

**UNITED STATES BANKRUPTCY COURT**
**CALIFORNIA CENTRAL DISTRICT**

| | |
|---|---|
| In re<br><br>TERESA JEAN MOORE<br><br>Debtor. | Case No: 07-14758-GM (Chapter 13)<br><br>**PROOF OF SERVICE NOTICE** |

On <u>March 4, 2008</u>, I served the **OPPOSITION TO MOTION TO DISMISS; REQUEST FOR CONTINUANCE; DECLARATION OF TERESA J. MOORE; PROOF OF SERVICE** on the parties of the <u>Service Address List</u> by depositing a true copy of the document in a sealed envelope with the U.S. Postal Service at <u>Studio City, California</u>.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 3/4/2008

Robert-Garvin: Moore

### SERVICE ADDRESS LIST

| | |
|---|---|
| David Kieth Gottlieb, Chapter 7 Trustee<br>c/o James K.T. Hunter, Esq.<br>10100 Santa Monica Blvd, 11th Floor<br>Los Angeles, California 90067 | Clerk of the Court<br>U.S. BANKRUPTCY COURT<br>1041 Burbank Boulevard<br>Woodland Hills, CA 91367-6609 |
| United States Trustee<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, California 91367 | Elizabeth Rojas, Chapter 13 Trustee<br>15301 Ventura Blvd., Suite 400<br>Sherman Oaks, California 91403 |
| Richard Garber<br>Chapter 13 Plan Attorney<br>5437 Vantage Avenue<br>North Hollywood, California 91607 | Nancy Zamora, Chapter 13 Trustee<br>444 South Flower Street, Suite 1550<br>Los Angeles, California 90071 |
| James K.T. Hunter<br>Chapter 7 Trustee Attorney<br>10100 Santa Monica Blvd, 11th Floor<br>Los Angeles, California 90067-4100 | Lei Lei Wang Ekvall<br>Parks Estate Counsel<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626 |